**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELODGE HOTELS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HUBER HOTELS, LLC, *et al.*,<br><br>Defendants. | Case No. 2:19-cv-20571 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendants Huber Hotels, LLC, Robert Huber, and Janette Huber's (collectively, "Defendants") Motion for Trial Pursuant to Rule 39(b). (ECF No. 73.) Plaintiff Travelodge Hotels, Inc. ("Travelodge") filed an Opposition. (ECF No. 76.) Defendants submitted a Reply. (ECF No. 77.) Having reviewed the submissions filed in connection with the Motion and having held oral argument on May 15, 2023, pursuant to Federal Rule of Civil Procedure 78(a), for the reasons set forth below and for good cause having been shown, the Defendants' Motion is **DENIED**.

**I.  BACKGROUND**

This case arises out of a breach of contract dispute between Travelodge as the franchisor, Huber Hotels as the franchisee, and the Hubers as the principal members of Huber Hotels. (Compl. (ECF No. 1) ¶¶ 1–4.) Travelodge is a corporation operating a guest lodging facility franchise system with its principal place of business in Parsippany, New Jersey. (Pl.'s Statement of Undisputed Material Facts ("SUMF") (ECF No. 38-6) ¶¶ 1, 9; Defs.' Resp. to SUMF (ECF No. 40-1) ¶¶ 1, 9.) The Hubers were owners of Huber Hotels, a limited liability

company operating out of Hales Corner, Wisconsin.[1] (ECF No. 38-6 ¶¶ 2–4; ECF No. 40-1 ¶¶ 2–4.) The Hubers organized Huber Hotels for the purposes of acquiring and operating a hotel in Hurley, Wisconsin. (Defs.' Mot. Br., Robert Huber Aff. (ECF No. 37-7) ¶ 2.)

Status conferences were held on January 26 and 31, 2023, regarding Travelodge's motion to strike Defendants' alleged jury demand under Rule 38. (ECF No. 64.) Defendants' answer failed to include a written jury demand, and this Court indicated its reluctance to interpret Defendants' docket text notation in the ECF system as a sufficient demand for a jury trial. (ECF No. 11 (titling the entry "Answer to Complaint with Jury Demand," but failing to reference the demand anywhere within the answer).) Absent a jury demand, Travelodge's motion to strike would be moot. In the alternative, Defendants argued a jury trial was warranted under Rule 39(b). The Court declined to rule on the pending motion and allowed parties to file supplemental briefs.

On January 31, 2023, following the conference, Defendants filed a Motion for Jury Trial Pursuant to Rule 39(b). (ECF No. 73.) In their brief supporting the motion, Defendants discuss each element of the five-factor *Infinity* test[2] the court must consider in determining whether to grant an untimely jury demand under Rule 39(b). (ECF No. 73-1 (citing *U.S. S.E.C. v. Infinity Grp. Co.*, 212 F.3d 180, 195–96 (3d Cir. 2000)).)

On March 6, 2023, Travelodge filed a brief in opposition of Defendants' Rule 39(b) motion. (ECF No. 76.) Travelodge argues Defendants' motion is premature as this Court merely indicated an inclination to grant Travelodge's Motion to Strike Defendants' Jury Demand. (*Id*. at 4.) Further, they reject the premise that the Court "invited or allowed" Defendants to make this motion. (*Id*.) Travelodge asserts that if the Court does grant their

---

[1] Defendants Robert Huber and Janette Huber are each 50% owners of Huber Hotels. (ECF No. 38-6 ¶¶ 5–7; ECF No. 40-1 ¶¶ 5–7.)

[2] There is no dispute among the parties that this is the controlling test.

Motion to Strike Defendants' Jury Demand, it would necessarily make Defendants' motion improper because the prerequisite for a motion under Rule 39(b) is that no jury demand was ever made. (*Id*.) Finally, Travelodge argues Defendants failed to prove the elements of the five-factor *Infinity* test in their favor, and therefore should not be granted a jury trial under Rule 39(b). (ECF No. 76 at 5.)[3]

On March 15, 2023, Defendants filed a reply in which they ask the Court to consider their Rule 39(b) motion in the event the Court determines they failed to comply with Rule 38(b) in their jury demand. (ECF No. 77 at 5.) In response to Travelodge's contention that Defendants' Rule 39(b) motion is "procedurally improper," Defendants disagree and submit that it is commonplace for courts to consider both Rule 38(b) and Rule 39(b) in conjunction when there is disagreement on a request for a jury trial. (*Id*.) Finally, Defendants again argue they satisfy the five-factor *Infinity* test. (*Id* at 12.)

On May 15, 2023, oral argument was held where this Court reaffirmed its previous decision that no jury demand had been properly made. (Oral Arg. (ECF No. 83).) Incidentally, Travelodge's motion to strike (ECF No. 64) was denied without prejudice and moot. (ECF No. 83, 84.) As to the Motion for Trial Pursuant to Rule 39(b), both Defendants and Travelodge discussed their arguments under the *Infinity* factors. Addressing the first factor, Defendants maintain the issues at question here are well suited to a jury trial as there are issues of fact. (*Id.* at 2:24–25.) Defendants also concede that in the alternative of a jury, the undersigned would be an equally suitable trier of fact. (*Id.* at 3:14–4:15.) Addressing the second factor, Defendants believe granting a Rule 39(b) motion would not disrupt the schedule of the Court. (*Id.* at 5:18–6:6.) This Court reminded both parties of the time delay a jury trial would cause in comparison to a bench trial due to the backlog of cases yet to be tried because of the COVID-19 pandemic.

---

[3] Travelodge also incorporates the arguments it presented in its moving (ECF No. 64) and reply (ECF No. 66) papers on the Motion to Strike Defendants' Jury Demand.

Travelodge responded by indicating the Court would not even reach the stage of having to contemplate a Rule 39(b) motion if the jury waiver is found to be enforceable.[4] (*Id.* at 10:1–8.) Travelodge maintains the valid jury waiver provision indicates that factor one of the *Infinity* test rules in their favor. (*Id.* at 12:6–15.) Addressing the third factor, Travelodge asserts they will be prejudiced from the extended time required for a jury trial and an already negotiated jury waiver provision. (*Id.* at 13:5–8.) Travelodge concludes by stating factor one of the *Infinity* test is dispositive and leans in their favor because the jury waiver provision is valid. (*Id.* at 13:21–14:4.)

## II. LEGAL STANDARD

Where no demand is made under Rule 38, Rule 39(b) gives courts discretion to permit an untimely jury demand. It is the only other mechanism through which a waived jury trial demand may be revived. *Todd v. Blake*, No. 3:17-0012, 2022 U.S. Dist. LEXIS 225914, at *6 (D.V.I. Dec. 15, 2022). Specifically, "When No Demand Is Made . . . the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). "A court has the power to act *sua sponte* at any time" under Rule 39(b), and a defendant's opposition to a plaintiff's motion to strike jury demand may be seen to be an application for relief under Rule 39(b). *EEOC v. Britrail Travel Int'l Corp.*, 129 F.R.D. 116, 117 (D.N.J. 1989). Although courts in this Circuit generally deny relief when "the only basis for such relief

---

[4] This Court's Opinion rejected both Travelodge and the Defendants' Motions for Summary Judgment, holding that the jury waiver provision should be interpreted as written because the Defendants did sign the Guaranty without modification:

> [I]f the terms of a contract are clear and unambiguous, courts must enforce those terms as written. *See City of Orange Twp. v. Empire Mortg. Svcs., Inc.*, 775 A.2d 174, 179 (N.J. Super. Ct. App. Div. 2001) (citations omitted) . . . . Here, the Hubers signed the Guaranty and the terms of the Guaranty are clear and unambiguous.

(ECF No. 43 at 12–13.)

advanced by the requesting party is the inadvertence or oversight of counsel," "this is not an absolute or automatic rule." *Plummer v. General Elec. Co.*, 93 F.R.D. 311, 313 (E.D. Pa. 1981). Indeed,

> "[t]he rules do not limit the court's discretion in ordering a jury in cases in which there would have been a right to jury trial. The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application. . . ."

*Id.* (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure, § 2334, at 115–16 (1971)). Ultimately, "[t]he decision whether to grant a Rule 39(b) motion for jury trial rests with the sound discretion of the trial court." *Minerley v. Aetna, Inc.*, No. 1:13-1377, U.S. Dist. LEXIS 203724, at *3 (D.N.J. Dec. 11, 2017) (quoting *Scharf v. Blackstone Grp. L.P.*, No. 13-4089, U.S. Dist. LEXIS 57927, at *2 (E.D. Pa. May 4, 2015)). Courts have the discretion under Rule 39 to permit untimely jury demands "on motion, . . . on any issue for which a jury might have been demanded." *Todd*, 2022 U.S. Dist. LEXIS 225914, at *5.

In determining whether to permit an untimely demand for jury under Rule 39, the Third Circuit has established a five-factor balancing test for district courts to utilize. *Infinity*, 212 F.3d 180, at 196. Under *Infinity*, courts must consider:

> 1) whether the issues are suitable for a jury; 2) whether granting the motion would disrupt the schedule of the Court or the adverse party; 3) whether any prejudice would result to the adverse party; 4) how long the party delayed in bringing the motion; and 5) the reasons for the failure to file a timely demand.

*Id.* Observing that Rule 39(b) discretion was not to be exercised as an arbitrary or capricious prerogative, one court explained that mere negligence or inadvertence was not sufficient to grant relief from waiving or timely filing a jury demand. *Lee v. Boyle-Midway Household Products, Inc.*, 785 F. Supp. 533, 536 (W.D. Pa. Feb. 25, 1992). .

### III. DECISION

Because no timely demand was made pursuant to Rule 38,[5] the issue is whether the Defendants satisfy the requirements of Rule 39(b) Motion for Trial by Jury When No Demand Is Made. Defendants argue that they satisfy the *Infinity* factors because: (1) the issues are suitable for a jury trial as they pertain to determining intent and damages (ECF No. 73-1 at 2); (2) granting the motion would not disrupt the schedule of the Court or the adverse party because this case has not yet been set for trial (*id.* at 3); (3) no prejudice would result to the adverse party as the Plaintiff does not identify any prejudice that would result, and preparation for a jury trial versus a bench trial should have followed the same course to date (*id.* at 3); (4) they delayed in bringing this motion due to counsel's oversight and delayed admittance to working on the case (*id.*); and (5) the reason for failing to file a timely jury demand was the Defendants' belief that the notation in the ECF system was sufficient in giving notice to Travelodge (*id.* at 4). Travelodge argues they satisfy the *Infinity* factors because: (1) the case is not suitable for a jury trial as the Defendants knowingly and voluntarily waived their right in the jury waiver provision (ECF No. 76 at 6); (2) granting the motion would disrupt the schedule of the court as more time and resources would be required (*id.* at 7); (3) Travelodge would be prejudiced by granting the motion as it negotiated for a jury waiver provision and would lose out on the benefit of its bargaining with Defendants (*id.* at 8); (4) Defendants extremely delayed bringing the motion by more than three years and it should be denied as it was untimely (*id.* at 8–9); and (5) Defendants have not articulated any reason for failure to file a timely demand beyond

---

[5] This Court previously advised the parties it finds Rule 38, which details the requirements of a jury demand, was not satisfied dond therefore, no proper jury demand exists. (ECF No. 83 1:11–21.) *See Hare v. H&R Indus.*, No. 00-4533, 2001 U.S. Dist. LEXIS 8661 (E.D. Pa. June 26, 2001) (finding no proper jury demand where the intent was only indicated on the case information sheet and was included in subsequent filing's captions).

inadvertence and oversight of counsel (*id.* at 9). For the reasons set forth below, Defendants' motion is **DENIED**.

### A. The jury waiver provisions are controlling and preempts a Rule 39(b) Motion from being heard.[6]

This Court considers the negotiated jury waiver provision as dispositive in determining whether to grant the Defendants' motion. Ultimately, the clear and unambiguous terms of a jury waiver provision must be enforced "in accordance with the reasonable expectations of persons in the business community involved in transactions of the type involved." *Ctr. 48 Ltd. P'ship v. May Dep't Stores Co.*, 810 A.2d 610, 618–19 (N.J. Super. Ct. App. Div. 2002). Accordingly, this Court previously held that the jury waiver was signed in a manner warranting the enforcement of the provision.[7] (ECF No. 43 at 13–14.) The valid waiver alone preempts a Rule 39(b) motion, and the Court need not examine the five-factor *Infinity* test. Nevertheless,

---

[6] Defendants do not contest the existence of the jury waiver provision in the Franchise Agreement, only that the waiver in the Guaranty binds them as individuals. (ECF No. 11 ¶ 22–23, 50.)

[7] As stated by the Court previously:

> Here, the Hubers signed the Guaranty and the terms of the Guaranty are clear and unambiguous. The Guaranty provides 'the undersigned . . . guaranty that [Huber Hotels'] obligations under the Agreement, including any amendments, will be punctually paid and performed.' (ECF No. 38-5 at 54 of 91.) The Hubers concede a Travelodge representative asked the Hubers to sign the Guaranty and the Hubers were aware the Guaranty was to personally bind them to the obligations of Huber Hotels. (ECF No. 37-3 ¶¶ 21, 23–24, 26, 28.) While the Hubers claim they informed the Travelodge representative they were not going to sign it personally, the Hubers ultimately signed the Guaranty without any modifications to the contract terms. Viewing the facts in the light most favorable to the nonmoving party, the Hubers have not met their burden in submitting a properly supported motion for summary judgment to void enforceability of the Guaranty.

(ECF No. 43 at 13–14.)

the Court addresses the parties' arguments and analyzes the *Infinity* factors below, finding Defendants' motion would still be denied.

### B. The *Infinity* Test

#### 1. Factor 1: Whether the issues are suitable for a jury trial.

Defendants argue the following issues are suitable for a jury trial: (1) who breached the franchise agreement and the damages that follow, and (2) whether Robert and Janette Huber signed the guarantee as individuals. (ECF No. 73-1 at 2.) They claim the second issue is particularly suited for a jury because it involves evaluating their intent. (*Id*.)

Travelodge argues these issues are not suitable for a jury trial and that Defendants' argument is without merit. (ECF No. 76 at 5.) They assert Defendants waived their right to a jury trial because the waiver provision in the Franchise Agreement and Guaranty was made knowingly and voluntarily, referring to the standard set out in *Triboro, Inc. v. Siren, Inc.*, No. 05-997, 2006 U.S. Dist. LEXIS 75722 (D.N.J. Oct. 18, 2006). (ECF No. 76 at 6.) Travelodge submits that the right to a jury in civil matters is not guaranteed, and that a private litigant may waive the right to a jury trial in a civil case. (*Id*. (citing *Ins. Co. of N. Am. v. Anthony Amadei Sand & Gravel, Inc.*, 742 A.2d 550, 554 (1999); *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007)).) In addressing the two main issues which the Defendants claim require a jury trial (ECF No. 73-1 at 2), Travelodge indicates this Court has already ruled that the Defendants did sign the Guaranty in their individual capacity, and that the Defendants' assertion that damages be determined by a jury is contrary to the case law of the Third Circuit. (ECF No. 76 at 7 (citing *Infinity*, 212 F.3d 180 (rejecting the argument that a party is entitled to a trial by jury on the issue of damages)) (quoting *William Goldman Theaters, Inc. v. Kirkpatrick*, 154 F.2d 66, 70 (3d Cir. 1946)).)[8]

---

[8] Travelodge notes "[w]e are of the opinion that the issue of damages may be disposed of more efficiently and more expeditiously by a trial to the court rather than a trial by jury." (ECF No. 76 at 7 (quoting *William Goldman Theaters, Inc.*, 154 F.2d 66, 70).)

In reply, the Defendants contend there is no jury waiver as to the claim that Robert and Janette Huber signed the Guaranty as individuals, and that the Court has not yet decided whether the jury waiver in the franchise agreement is enforceable. (ECF No. 77 at 5.) In addition, Defendants contend courts have previously held breach of contract and damages issues suitable for a jury, and that Travelodge has not identified any issues that are not suitable for a jury. (*Id* at 8.) *See O'Brien Oil Pollution Serv., Inc. v. Kapoor*, No. 06-02945, 2008 U.S. Dist. LEXIS 50624, at *1 (D.N.J. June 27, 2008) (finding a claim for money damages under contract theory was deemed suitable for a jury). Furthermore, Defendants claim to have interpreted this Court's January 5, 2022 Opinion as allowing them the opportunity to explain their intent surrounding the signing of the Guaranty to a jury. (ECF No. 77 at 7–8.)

In analyzing the first factor, both Travelodge and Defendants address various extraneous elements. Case law reflects that breach of contract claims, as at issue here, can be suitable for a jury trial. *CIT Communs. Fin. Corp. v. New York Boardup & Emergency Serv. Corp.*, No. 01-5368, 2005 U.S. Dist. LEXIS 54475, at *4, (D.N.J. July 11, 2005) (stating a breach of contract claim would be suitable for a jury trial); *Todd*, 2022 U.S. Dist. LEXIS 225914, at *11 (quoting *Asten Johnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 228 (3d Cir. 2009) (finding the right to jury trial is preserved when the dispute involves both legal and equitable claims)). However, as held above, the valid jury waiver provision signed by the Defendants preempts this Court's consideration of whether these issues are suitable for a jury trial: the jury waiver provision is clear in its meaning and remains dispositive regarding this first factor. Furthermore, although the issues presented in this case may be suitable to be heard by a jury, they can just as suitably be tried by the undersigned.[9] *Cimildoro v. Metro. Prop. & Cas. Ins. Co.*, No. 09-1907, 2010 U.S. Dist. LEXIS 22021, at *27–28 (E.D. Pa. Mar. 8, 2010)

---

[9] Defendants conceded that in the alternative of a jury, the undersigned would be an equally suitable trier of fact. (ECF No. 83 at 3:14–4:15.)

(citing *Katzenmoyer v. City of Reading*, No. 00-5574, 2001 U.S. Dist. LEXIS 15930, at *3 (E.D. Pa. Aug. 6, 2001) (refusing to grant Rule 39 relief because plaintiff failed to establish that issues in case were "particularly suited to jury")). Therefore, this first factor weighs in favor of Travelodge.

### 2. Factor 2: Whether granting the motion would disrupt the schedule of the Court or the adverse party.

Defendants assert Travelodge's emphasis on the additional time and effort required in a jury trial is not the type of disruption contemplated in *Infinity* where the demand was made only two weeks before trial. (ECF No. 77 at 8.) They conclude that as the case has not been set for trial yet, scheduling a jury trial would not be a disruption. (*Id.*) In opposition, Travelodge states that the Court's schedule would be disrupted regardless of whether a trial date has not yet been set, as a jury trial requires more time to complete. (ECF No. 76 at 7.) They maintain a non-jury trial would be more convenient and expeditious compared to a jury trial. (*Id.*)

In determining whether a jury trial would disrupt the Court's or adversary's schedules, the Court considers factors such as the stage of discovery parties have reached and how far out the trial date has been set. *Richardson v. Advanced Pulver Sys.*, No. 01-3459, 2002 U.S. Dist. LEXIS 12145, at *4 (E.D. Pa. Mar. 12, 2002) (finding that a 21-day delay in filing the jury demand was insignificant in light of the fact that the individual made the request: (1) before discovery commenced, and (2) well in advance of trial). Applying those considerations here, both Defendants and Travelodge have been on notice of this ongoing jury trial dispute, and while no trial date has been set, the case is nearly four years old, discovery has concluded, and final pretrials orders were filed before the jury demand issue was raised.[10] Next, the Court considers its own schedule and how difficult this accommodation may or may not be. In *Todd*,

---

[10] Defendants claim their notation in the ECF system gave Travelodge notice that the Hubers sought a jury trial. Nonetheless, both parties expressed their contestation regarding whether there was or was not a jury waiver around January 2022. (ECF No. 77 at 9.)

the court weighed this second factor against the movants as the court would have been significantly burdened in trying to accommodate a request for a jury trial in its "already oversaturated calendar." 2022 U.S. Dist. LEXIS 225914, at *12. This Court believes that the delay in hearing a jury versus non-jury trial and additional resources required demonstrate that Travelodge's and this Court's schedule would undoubtedly be disrupted.[11] Therefore, this second factor weighs in favor of Travelodge.

### 3. Factor 3: Whether any prejudice would result to the adverse party.

Defendants argue that Travelodge does not identify any prejudice that would result to them if granted a jury trial other than the additional time it would take, which would not penalize or prejudice Travelodge. (ECF No. 77 at 8.) Furthermore, the preparation for a jury trial versus a bench trial should have followed the same course to date and Travelodge does not identify anything it would have done differently in the proceedings thus far, only anticipating its future prejudice. (*Id.*; ECF No. 73-1.)

Travelodge asserts they would be prejudiced if a jury trial is granted because of the following: (1) there will be longer time, higher costs, and more resources involved in a jury trial; and (2) Travelodge will lose out on its ability to negotiate with the Defendants based on valid jury waivers contained in the Franchise Agreement and Guaranty. (ECF No. 76 at 8.)

---

[11] This Court notified parties that due to the delay caused by the COVID-19 pandemic, there is a significant backlog of cases to be heard that would, in turn, adversely affect how soon a jury trial could be scheduled. (ECF No. 83 at 6:7–14.) This Court finds itself in a situation where,

> [h]aving resumed operations [since COVID-19], the Court's calendar is now inundated with criminal jury trials which necessarily take precedence over civil proceedings to protect criminal defendants' right to a speedy trial. *See, e.g., Weikel v. Tower Semiconductor Ltd.*, 183 F.R.D. 377, 396 (D.N.J. 1998) ("A civil trial, however, may be delayed by the need to comply with the Speedy Trial Act.") (citing *United States v. Claros*, 17 F.3d 1041, 1042 (7th Cir. 1994)).

*Todd,* 2022 U.S. Dist. LEXIS 225914, at *12.

Courts have evaluated prejudice based on additional expenses incurred by the parties to adequately prepare for trial, whether the adverse party's strategic decisions were based on the assumptions of a bench trial and whether the discovery deadline had passed. *Todd,* 2022 U.S. Dist. LEXIS 225914, at *12; *see also Reis v. Barley, Snyder, Senft & Cohen, LLC*, No. 05-1651, 2008 U.S. Dist. LEXIS 26046, at *14 (E.D. Pa. Mar. 27, 2008) (finding the defendant had not specifically articulated what prejudice it will suffer based upon strategic decisions, but noted that the parties, believing this was a non-jury case for over two years, might have made certain decisions based on that belief). Where the granting of a jury trial would likely require the "reopening of discovery," the court weighed this factor negatively. *Id.* at *13. However, where the adverse party fails to indicate precisely how it would be prejudiced and instead relies only on "bald averments," courts have found no prejudice. *P.C. Data Centers of Pa., Inc. v. Fed. Express Corp.*, 113 F. Supp. 2d 709, 721 (M.D. Pa. 2000) (citing *Plummer v. General Elec. Co.*, 93 F.R.D. 311, 313 (E.D. Pa. 1981)). Here, while it is somewhat unclear the exact level of additional costs to be borne by Defendants, any additional cost would prejudice Defendants to some degree, even if only slight or minimal. *Reis*, 2008 U.S. Dist. LEXIS 26046, at *14.

In considering whether the parties here would incur additional expenses and resources in engaging in further discovery to adequately prepare for a jury trial, as well as any strategic decision-making made by Travelodge, this Court determines Travelodge would be prejudiced in the event the Court granted Defendants' motion for a jury trial. Therefore, this third factor weighs in favor of Travelodge.

### 4. Factor 4: How long the party delayed in bringing the motion.

Defendants attribute the delay in bringing the motion to their belief that they did not think they had to, and that no one had asserted their non-compliance with Rule 38(b) until years into the proceedings. (ECF No. 73-1 at 3.) Defendants also argue the demand in *Infinity* was

made only two weeks before trial, whereas a trial date has not even been set here. (ECF No. 77 at 9.)

Travelodge notes it has been more than three years since the filing of the Complaint and that Defendants' Answer, as well as the March 6, 2020 Joint Discovery Plan, designated the case as a non-jury trial. (ECF No. 76 at 8.) They argue that cases with significantly lesser delay time have been rejected by the Third Circuit.[12] Indeed, even in *Infinity*, "the lone case cited by Defendants in support of their application, the Third Circuit affirmed that the demand for a trial by jury, filed less than one (1) year after the initial pleading and only two and one half (2 ½) months after the last pleading, was untimely." (ECF No. 76 at 9.)

Two and one-half years is a significant delay in bringing a jury demand motion. Courts have largely accepted a delay of a few days or a few weeks, however, a few years is not as easily overlooked. *See Todd,* 2022 U.S. Dist. LEXIS 225914, at *14 (finding that a motion was considered untimely when made after four years and weighing this factor negatively against the movant). The court in *O'Brien* follows a minority view where a delay of two years is somewhat substantial, but considering that no trial date had been set yet, the delay was not so egregious to merit a denial of the motion. 2008 U.S. Dist. LEXIS 50624, at *4. This approach relies heavily on the "presumption against waiver" concept and disregards the majority's rejection for neglect or inadvertence by the Defendants. *See CIT Communs. Fin. Corp. v. New York Boardup & Emergency Serv. Corp.*, No. 01-5368, 2005 U.S. Dist. LEXIS 54475 (D.N.J. July 11, 2005) (finding that, where approximately three years had passed, this factor weighed heavily in favor of denying the Rule 39(b) motion). Ultimately, this fourth factor weighs in favor of Travelodge.

---

[12] (ECF No. 76 at 8 (citing *Phillips v. Alsleben*, 448 F. App'x 311 (3d Cir. 2011) (denying a late filed jury demand which came one year after the lawsuit was commenced); *MicroBilt Corp. v. Fid. Nat'l Info. Servs.*, No. 14-03284, 2014 U.S. Dist. LEXIS 167290 (D.N.J. Dec. 3, 2014) (denying a late-filed jury demand which came two-and-one-half years late, after discovery had been completed)).)

### 5. Factor 5: The reasons for the failure to file a timely demand.

Defendants again contend they gave notice to Travelodge when defense counsel made a notation in the ECF system and cite *Infinity* where the court noted there was no mechanical rule for determining when relief under Rule 39(b) should be granted. (ECF No. 73-1 at 4.) They assert, pursuant to *Infinity*, each factor alone is not necessarily dispositive but rather is to be balanced with the others.[13] (ECF No. 77 at 10.) Defendants go on to list nine cases where the movant similarly should have taken more care, yet the courts still allowed a jury trial pursuant to Rule 39(b). (*Id.* at 10–11.) In discussing the varying interpretations of Rule 39(b) by Federal Circuit Courts, Defendants state that some courts have concluded a district court should exercise its discretion to grant a jury trial "in the absence of strong and compelling reasons to the contrary." (*Id.* at 9–10 (citing *Macsherry v. Sparrows Point*, LLC, 973 F.3d 212, 228–30 (4th Cir. 2020)).)

Travelodge replies to Defendants' mistaken belief that the election of a jury trial in the ECF system constituted a proper demand and that state "[c]ourts in this Circuit generally deny relief when 'the only basis for such relied advanced by the requesting party is the inadvertence or oversight of counsel.'" (ECF No. 76 at 6–9 (citing *Infinity* (quoting *Plummer v. General Elec. Co.*, 93 F.R.D. 311, 313 (E.D. Pa. 1981)).) They argue Defendants failed to satisfy any of the five *Infinity* factors and that defense counsel's oversight falls short of excusing the untimely demand. (*Id.* at 9.)

The court in *Todd* noted:

> While it is true that the Third Circuit in *Infinity* stated that denial of relief based solely on the inadvertence or oversight of counsel is not 'a mechanical rule,' it did not instruct the courts to forgive all instance of attorney error . . . . Rather, courts today may still find that inadvertence weighs against the moving party, but inadvertence alone is not dispositive.

---

[13] *See Trotman v. Smith*, No. 1:20-00068, 2020 U.S. Dist. LEXIS 214560, at *5 (W.D. Pa. Nov. 17, 2020); *Richardson*, 2002 U.S. Dist. LEXIS 12145, at *2.

2022 U.S. Dist. LEXIS 225914, at *16–17. Therefore, while no single factor is determinative, each is an element to be considered when deciding whether relief will or will not be granted. *Lee,* 785 F. Supp. at 535 (citing *FDIC v. Palermo,* 815 F.2d 1329 (10th Cir. 1987)); *see also Richardson*, 2002 U.S. Dist. LEXIS 12145, at *4 (finding that, although the individual's attorney's oversight in failing timely to request a jury trial weighed against granting the individual's request, the balance of factors weighed in favor of granting the request).

Observing that Rule 39(b) discretion was not to be exercised as an arbitrary or capricious prerogative, one court explained that mere negligence was not sufficient to obviate the need for a timely jury demand. *Todd v. Lutz,* 64 F.R.D. 150, 152 (W.D. Pa. 1974). Here, it appears the underlying issue was an error of counsel in what they thought to be a sufficient request for a jury demand, and as mentioned above, courts have been consistent in avoiding granting a Rule 39(b) motion in cases of oversight. "Under these circumstances, relief from a waiver of the right to proceed before a jury would encourage chicanery while failing to encourage and reinforce familiarity with the Federal Rules of Civil Procedure." *Lee*, 785 F. Supp. at 536. "To sanction [a party's] omission would invite disregard of procedural requirements in all of the Rules . . . and prejudice the opposing party by injecting an unnecessary element of uncertainty into trial strategy and preparation." *Id.* at 535. Accordingly, the Court rejects Defendants' argument that they filed a timely demand in the appropriate manner by filing a notation of a docket title. The Court has already addressed this issue earlier in the proceedings regarding Rule 38 and indicated in the status conference of January 31, 2023 that it was inclined to rule there was not a proper filing. Oversight remains the only basis for failing to seek a jury trial earlier in the case. *See Scharf*, 2015 U.S. Dist. LEXIS 57927, at *9.

This factor weighs against Defendants and in favor of Travelodge, as mere inadvertence does not justify granting relief from a waiver of the right to a jury trial. *Lee,* 785 F. Supp. at 535.[14]

Accordingly, based on the *Infinity* factors, insufficient justification exists under Rule 39(b) to disturb Defendants' longstanding waiver of their right to a jury trial.

### IV.   CONCLUSION

For the reasons set forth above and for good cause having been shown, Defendants' Motion for Trial Pursuant to Rule 39(b) is **DENIED**. An appropriate order follows.

Dated: September 27, 2023

>   */s/ Brian R. Martinotti*
>   HON. BRIAN R. MARTINOTTI
>   UNITED STATES DISTRICT JUDGE

---

[14] In *Todd*, the Court found it cannot simply assume inadvertence of prior counsel:

> There is no indication that this 'failure' to demand a jury trial was anything but a strategic choice. Prior counsel did not include a jury trial demand in the complaint. . . . The lack of jury demand was affirmatively reiterated in the civil cover sheet accompanying the removal to court. . . . (Blake selected "No" in response to whether a jury demand was requested in the complaint)[.] No attempts were made to file a jury demand during the course of representation by prior counsel. If Todd's new counsel disagrees with prior counsel's trial strategy, she cannot abuse Rule 39 to right the ship. *Burgess v. Hendley*, 26 V.I. 173, 176 (1991) ("Rule 39(b) is simply not designed to encourage belated changes of trial strategy.")

2022 U.S. Dist. LEXIS 225914, at *16.